**Dr. Ralph W. BRADFORD et ux., Appellants,**

v.

**Deward B. FERRELL et al., Appellees.**

**No. 6604.**

Court of Civil Appeals of Texas.

Beaumont.

May 7, 1964.

Leonard E. Choate, Beaumont, for appellants.

Terrell Buchanan, Silsbee, Carey Williamson, Jasper, Earl Wills, Silsbee, Keith, Mchaffy & Weber, Beaumont, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the trial court dissolving a temporary restraining order and denying a temporary injunction. The parties will be referred to here as they were in the trial court.

June 5, 1962, plaintiffs filed suit in the District Court of Jasper County under Cause No. 6864, as a minority stockholder, against Buna Sales & Service Company, a Texas corporation, and against the majority stockholders. Various kinds of relief were sought including writs of mandamus, spe-

cific performance of a lease contract, appointment of a receiver and damages. Twenty days later, June 25th, Cause No. 6870 was filed in the same court by Apache Lumber Company, Inc., Worthey Glass & Mirror Company, Inc., and D. B. Ferrell as creditors against Buna Sales & Service Company for debt and for foreclosure of certain liens. United Gas Corporation intervened in this second suit on the same date seeking the same type of relief. Also on the same date an answer was filed by the Buna Sales & Service Company, Inc., waiving the issuance of citation and service, admitting the amounts sued for were due and owing and recognizing the liens securing the debts. This answer also alleged that this corporation was insolvent and that its only asset was the real estate subject to these liens. Also on the same date judgment was entered for each of the plaintiffs and the intervenor for the amount sued for by each, and foreclosing the liens and ordering the property sold to satisfy the judgment.

On the 2nd day of August, 1962 plaintiffs filed an amended petition in Cause No. 6864, which was the first case filed, naming the original defendants plus the Apache Lumber Company, Inc., Worthey Glass & Mirror Company, Inc., United Gas Corporation and R. C. Pace, Sheriff of Jasper County. In this amended petition the plaintiffs sought various types of relief including a temporary restraining order against the Sheriff enjoining him from carrying out the order of sale, a hearing and then a permanent injunction against the Sheriff for the same relief. This temporary restraining order was granted by the court, without bond, the order of sale was held to be null and void, and a hearing was set for August 29, 1962. On such date, following a hearing, the trial court entered an order dissolving the temporary restraining order, reinstating the original judgment and order of sale dated June 25, 1962, denying the injunctive relief sought by plaintiffs, and ordering the Sheriff to carry out the original order of sale.

Plaintiffs first complain of the action of the trial court in holding the order of sale was not void. The judgment in the trial court in Cause No. 6870 was dated June 25, 1962. The order of sale was issued by the District Clerk July 2, 1962. The sheriff seized the property July 3rd or 4th, and notice was posted of a sale to be held August 7, 1962. Plaintiffs rely upon Rule 627, Texas Rules of Civil Procedure, as authority for their contention, which provides for the clerk to issue execution upon a judgment after the expiration of 20 days after the rendition of the judgment. The law in this state is contrary to such contention. Even though the order of sale was issued less than 20 days after the date of the judgment, the law is settled that such order of sale is not void, but merely voidable. The most recent case in point is Interstate Life Ins. Co. v. Arrington, Tex.Civ.App., 307 S.W.2d 146.

The question as to whether the order of sale was void or voidable is immaterial in determining the issues involved in this appeal. The sale was not held August 7, 1962, as the temporary restraining order was in effect at such time. If there has been a sale of this property, it would have to have been after the order rendered and entered September 7, 1962, which is more than 20 days after the date of the judgment. If there has been a sale of this property by the sheriff, then the question of restraining the sale would now be moot. The validity of such a sale could be tested in a trial on the merits of this case. In any event, there is no showing of an abuse of the discretion of the trial court in denying the temporary injunction. Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263.

It is apparent from the entire record that the trial court did not try any of the issues bearing upon the merits of the case, but only the issue as to whether a temporary injunction should be granted or denied. The question as to the validity of the judgment

entered in Cause No. 6870 has not been passed upon. That portion of the judgment entered September 7, 1962 in Cause No. 6864 validating and affirming the judgment in Cause No. 6870 is stricken.

Reformed and affirmed.