**LUTE RILEY MOTORS, INC., Appellant,**

v.

**T.C. CRIST, INC., Appellee.**

No. 05–88–00124–CV.

Court of Appeals of Texas, Dallas.

Dec. 14, 1988.

Rehearing Denied Feb. 7, 1989.

Nathan Allen, Jr., Laura L. Worsham, Dallas, for appellant.

Jonathan A. Pace, Dallas, for appellee.

Before DEVANY, McCLUNG and LAGARDE, JJ.

DEVANY, Justice.

Lute Riley Motors, Inc., appellant, appeals the trial court's judgment in favor of T.C. Crist, Inc., appellee. This suit arose when Crist, as general contractor, entered into an oral contract with Riley to double the size of Riley's service area. Riley retained part of the contract price pending

final acceptance of Crist's work. Riley also submitted two change orders to Crist for changes to the oral contract. At the end of the job, Riley refused to pay Crist the balance that had been retained because of alleged poor workmanship by Crist.

Crist maintained a suit against Riley on the oral contract. The trial court rendered a judgment in favor of Crist. Riley complains in three points of error that the trial court erred in entering a judgment in favor of Crist and in not making findings of fact and conclusions of law. We overrule Riley's points of error and affirm the judgment of the trial court.

## ISSUE ONE: FINDINGS OF FACT AND CONCLUSIONS OF LAW

Riley complains in its third point of error that the trial court erred in not granting Riley findings of fact and conclusions of law as such request was timely filed. We address this point first because it affects the first two points of error. Judgment was entered in favor of Crist on November 11, 1987. Riley filed a motion for new trial and subsequently requested findings of fact and conclusions of law from the trial court on December 22, 1987. The trial court denied Riley's request, stating the request was untimely.

Texas Rule of Civil Procedure 296 provides that a request for findings of fact and conclusions of law shall be filed within ten days after the final judgment is signed. Riley argues that the word "final" means that the request must be filed within ten days after the trial court denies the motion for new trial, which is the final act of the trial court.

Prior to 1984, Texas Rule of Civil Procedure 296 allowed a request to be filed after the final judgment "or the motion for new trial." TEX.R.CIV.P. 296 (Vernon Supp.1988). In 1984, rule 296 was amended and the language "or the motion for new trial," was deleted. *Id.* We conclude from this change that the Supreme Court intended the request to be filed within ten

days after the final judgment is signed. That final judgment, in this case, was signed on November 11, 1987, and Riley filed his request on December 22, 1987, more than one month late. We hold that the trial court did not err in denying Riley's late request for findings of fact and conclusions of law. Therefore, Riley's third point of error is overruled.

## ISSUE TWO: QUANTUM MERUIT

Riley complains in this second point of error that the trial court erred in rendering judgment for Crist under the theory of quantum meruit, because Crist did not plead quantum meruit. Where there are no findings of fact, judgment at the trial level must be affirmed if it can be upheld on any legal theory with support in the evidence. *Gunter v. Molk*, 663 S.W.2d 674, 675 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). Since we do not have findings of fact and· conclusions of law, it is not clear that the trial court based its judgment on the theory of quantum meruit based on the evidence. The trial court could have found the facts necessary to support a judgment under an alternate legal theory to quantum meruit. Therefore, we overrule Riley's second point of error.

## ISSUE 3: SUBSTANTIAL PERFORMANCE

Riley complains in its first point of error that the trial court erred in entering a judgment for Crist under the doctrine of substantial performance. Riley claims that the burden to establish the money necessary to remedy defects in workmanship is upon Crist and that Crist failed to meet this burden. Whether Crist established its burden is a fact question which is within the discretion of the trial court.

An appellate court is not a fact finder and it may not pass upon the credibility of evidence or substitute its judgment for that of the trier of fact. This is true even if there is conflicting evidence upon which a different conclusion could be supported. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

There is sufficient evidence in the record to support a finding by the trial court of substantial performance. Therefore, we hold that the trial court did not err and overrule Riley's first point of error.

The judgment of the trial court is affirmed.