11th Court of Appeals
Eastland, Texas
Memorandum Opinion
                                                         
Meinautje Duba
            Appellant
Vs.                  No. 11-03-00034-CV – Appeal from Collin County
Stanley Lee Duba
            Appellee
 
            Approximately five years and four months after the parties were divorced, appellant filed this
suit against appellee for post-divorce division of property. Appellant asked the trial court to divide
certain retirement property which she claimed was not included in the division of property contained
in the divorce decree. The trial court denied all relief sought by appellant. We affirm.
            The parties were married on December 26, 1966. On February 18, 1997, after a hearing held
on August 14, 1996, the trial court entered a decree of divorce between the parties. The decree
contained a division of property. 
            Appellee began working for JC Penney on September 11, 1972. At the time of the divorce,
appellee was still working for JC Penney, and he continued to work for them until his job was
eliminated in October 2001. During appellee’s employment with JC Penney, he accumulated an
interest in various retirement programs. Two of the plans were available to all JC Penney employees
who had worked for the company for at least 1 year and who were at lease 21 years of age. These
two plans were described and divided in the decree. There is apparently another plan not involved
in the current appeal.
            The evidence shows that there were two additional plans that were available only to
management associates who were members of the profit incentive compensation group. These plans
were known as the Supplemental Retirement Program and the Social Security Substitute Benefits
Program. The latter two plans are the plans which are involved in this lawsuit; appellee did not list
them on the inventory and appraisement which he filed in the divorce action. Appellant claims that
appellee also failed otherwise to disclose the existence of the two plans prior to the entry of the
decree of divorce and that the trial court failed to include the two plans in its property division. It
is appellee’s claim that he was not aware of the existence of the two plans. We note that the record
reflects that on January 23, 1997, after the divorce hearing, but before the decree was entered on
February 18, 1997, appellee signed a release which authorized JC Penney to release any and all
information about any of his retirement accounts to appellant’s lawyer.
            According to the record, this case was tried to the court on November 11, 2002. At the
conclusion of the trial, the trial court stated in part:
            All right. The Court will find -- the court will deny the petition here and finds
that the two funds in question had not vested and were indeed somewhat speculative
at the time of the divorce.
 
            The Court will find that the husband’s explanation as to the matter to be
rational and the Court finds the wife was awarded by agreement the lion’s share of
the estate anyway.
 
On the same day, the trial court made the following entry in the docket sheet:
            Parties w/ attys on petition for post-divorce division of property. Testimony. 
Argument. Petition denied...Ct finds the two funds had not vested and were indeed
somewhat speculative. Ct finds H’s explanation as to matter to be rational + finds
that W was awarded by agreement the lion’s share of the estate.
 
            In the final order entered in this case by the trial court on November 26, 2002, the trial court
stated, among other things not relevant here:
[T]he Court is of the opinion that the relief sought by Petitioner should be, and it is
denied.
 
            IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that the
relief sought by Petitioner is DENIED. All costs and attorney fees shall be borne by
the party incurring the same. All other relief not expressly granted herein is denied.
 
            In appellant’s sole issue on appeal, she claims that the trial court erred when it failed to
partition the Supplemental Retirement Program and the Social Security Substitute Benefits Program
based upon its reasoning that they were not vested or that they were speculative at the time of the
divorce. Appellant actually argues two additional issues although they are not specifically set forth
as issues on appeal. We will discuss those additional issues also.
            In appellant’s first argument, she maintains that the two plans constitute property which
should be divided upon divorce. We agree; but, as will be seen later, we hold that the trial court did
divide the property. See Cearley v. Cearley, 544 S.W.2d 661 (Tex.1976).
            The trial court did not make findings of fact and conclusions of law. Although appellant
requested that the trial court make findings of fact and conclusions of law, the request was not timely. 
If a request for findings of fact is not timely, appellate review is conducted the same as if findings
of fact were neither requested nor filed. Lute Riley Motors, Inc. v. T.C. Crist, Inc., 767 S.W.2d 439,
440 (Tex.App. - Dallas 1988, writ den’d). Oral statements made by the trial court on the record will
not be accepted as findings of fact. In the Interest of W.E.R., 669 S.W.2d 716 (Tex.1984). A docket
entry is not a part of the record which we may consider in this case; it is merely a memorandum for
the convenience of the court and clerk. Energo International Corporation v. Modern Industrial
Heating, Inc., 722 S.W.2d 149, 151 (Tex.App. - Dallas 1986, no writ); Restelle v. Williford, 364
S.W.2d 444, 445 (Tex.Civ.App. - Beaumont 1963, writ ref’d n.r.e.).
            In a nonjury trial, where no findings of fact are filed or requested, it will be implied that the
trial court made all necessary findings to support its judgment. Holt Atherton Industries, Inc. v.
Heine, 835 S.W.2d 80, 83 (Tex.1992); Goodyear Tire and Rubber Company v. Jefferson
Construction Company, 565 S.W.2d 916 (Tex.1978); Lassiter v. Bliss, 559 S.W.2d 353 (Tex.1977). 
In the absence of findings, the judgment of the trial court must be affirmed if it can be upheld on any
available legal theory that finds support in the evidence. Point Lookout West, Inc. v. Whorton, 742
S.W.2d 277 (Tex.1987). 
            Because neither the oral statements made by the trial court nor the docket entries of the trial
court constitute findings of fact, because they do not constitute the judgment or the basis for the
judgment finally entered by the trial court, and because there are no other findings of fact, we will
affirm the judgment of the trial court if it is correct upon any legal theory. 
            We hold that, regardless of whether the two retirement plans in question were vested or
speculative at the time of the divorce, the trial court divided them when it signed the decree of
divorce containing the following language:
            Petitioner [appellee] is awarded the following as Petitioner’s sole and separate
property, and Respondent is divested of all right, title, interest, and claim in and to
such property:
 
* * *
 
Except as otherwise specifically awarded herein, any and all sums, whether matured
or unmatured, accrued or unaccrued, vested or otherwise, together with all increases
thereof, the proceeds therefrom, any other rights related to any profit-sharing plan,
retirement plan, pension plan, employee stock option plan, employee savings plan,
accrued unpaid bonuses, or other benefit program existing by reason of Petitioner’s
past, present, or future employment. 
 
            Appellant also makes the argument in her brief that the above quoted language from the
decree is not an effective division of the two plans because appellee was under a duty to disclose the
plans and he did not. Again, we do not have the benefit of findings of fact. We know what the trial
court wrote on the docket sheet and we know what the trial court said on the record regarding
appellee’s explanation for the non-disclosure; however, as we have seen, we cannot use that as a
basis to review the actual judgment signed by the trial court. See Energo International Corporation
v. Modern Industrial Heating, Inc., supra; Restelle v. Wiliford, supra. 
            A review of the record shows that the evidence would support findings that appellee was not
aware of the existence of the two plans and that appellee executed a release by which he empowered
appellant to discuss any of appellee’s retirement programs with JC Penney. Those findings would
support the actual judgment entered by the trial court. The cases upon which appellant relies are
distinguishable. Yeo v. Yeo, 581 S.W.2d 734 (Tex.Civ.App. - San Antonio 1979, writ ref. n.r.e.),
involved specific wording in the decree which is not comparable to the decree in this case. Mayes
v. Stewart, 11 S.W.3d 440 (Tex.App. - Houston [14th Dist.] 2000, pet’n den’d), was a lawsuit for
fraud in connection with a lottery ticket which the husband’s friend was claiming to own so that the
wife would not receive an interest in the proceeds due upon the ticket. Appellant here has not pled
a case for fraud. In Heisterberg v. Standridge, 656 S.W.2d 138 (Tex.App. - Austin 1983, no writ),
the decree was silent as to the property in question. Here, as we have stated, although the benefit
plans in dispute might not have been described with the certainty with which the other plans were
described, the decree is not completely silent as to unspecified property. In addition to what
otherwise had been awarded to them, the trial court awarded both parties all other property relative
to their past, present, or future employment. In the absence of a showing of fraud, or some other
extenuating circumstances, we believe that this is the very situation for which a clause like the one
in the decree in this case was designed.
            Because the evidence supports the judgment of the trial court and because the trial court
properly applied the law in this case, all of appellant’s contentions on appeal are overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
July 15, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.