

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00104-CV
_____

IN THE MATTER OF THE MARRIAGE OF
SAMANTHA DINK RIDGEWAY AND DOUGLAS KEITH RIDGEWAY
AND IN THE INTEREST OF DALTON KEITH RIDGEWAY AND
DILLON KANE RIDGEWAY, CHILDREN

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 06-0924

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

_____Douglas Keith Ridgeway appeals a trial court's property division in an order of divorce from Samantha Dink Ridgeway. He argues that, because the trial court allegedly undervalued a community business awarded to his wife, *she* has received a disproportionate share of the community assets. Based on the values of the community property, we find Douglas received a greater share of the community assets than Samantha. We affirm the judgment of the trial court.

## I. Factual and Procedural Background

In her petition for divorce, Samantha asked the trial court to award her a disproportionate share of the community estate due to Douglas' fault in the breakup of the marriage. An agreed schedule of assets ("Schedule A") was prepared listing the estimated value of each item in the community estate. The parties stipulated and agreed on all values of property in the community estate except the value of Cuts Galore, a family owned and operated hair salon. The Ridgeways purchased Cuts Galore in 1999 for $10,000.00 according to the security agreement, bill of sale, and promissory note.[1] Samantha was a stylist at the salon and also ran the business, purchased supplies, scheduled appointments, and hired and fired employees. Douglas claimed he handled the books, while Samantha stated this was a shared responsibility.

Prior to trial, the parties stipulated that the previous owner would testify that the business was worth $20,000.00 if Samantha remained with the business, and $2,000.00 if she did not. Samantha

---

[1] The parties testified at trial the purchase price was $15,000.00.

believed this was a correct valuation for Cuts Galore because the building was leased, the equipment was fifteen years old, and she could not take the equipment with her if she left.

Douglas believed the business was worth more. He hired accountant Dorothy Peterson, who estimated Cuts Galore was worth $87,326.00. Peterson attached charts to her report indicating that, from 2003 until 2006, Cuts Galore made an average net earning of $43,262.00. In computing the final $87,326.00 valuation, Peterson conducted the following calculation:

| | |
|---|---:|
| Weighted average normalized earnings | $ 43,262 |
| Less: Tax at corporate rate (15%) | (6,489) |
| After tax earnings | 36,773 |
| Capitalization rate | 19.16% |
| Value of 100% Cuts Galore before personal goodwill and discount | 191,926 |
| Personal goodwill related to Samantha and Keith Ridgeway @ 35% | (67,174) |
| Value of 100% Cuts Galore before discount | 124,752 |
| Discount for lack of marketability @ 30% | (37,426) |
| Value of community interest in Cuts Galore owned by Samantha and Keith Ridgeway | $ 87,326 |

Although Peterson applied the income approach, she was not called at trial to support the methodology for her valuation, or explain the figure alleged to be the "Value of 100% Cuts Galore before personal goodwill and discount."

During trial, Douglas agreed to take the house and let Samantha have Cuts Galore because the house was worth about $90,113.00.[2] The trial court awarded the business to Samantha, the house to Douglas, and divided the community personal property. The trial court found the value of Cuts

---

[2]Although the agreed value of the house was $153,000.00, there was a $62,866.75 debt owed on the property.

3

Galore to be $20,000.00. The question in this case is whether the trial court's valuation of the hair salon business was in error causing Samantha to receive an improper disproportionate share of the community property.

## II.    Standard of Review

A trial court has broad discretion to divide community property in a manner that is just and right. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006); *Bogle v. Bogle*, No. 13-05-608-CV, 2007 WL 2409824, at *1 (Tex. App.—Corpus Christi Aug. 24, 2007, no pet.). A just and right division does not require a trial court to divide the marital estate into equal shares. *In re Marriage of McFarland*, 176 S.W.3d 650, 659–60 (Tex. App.—Texarkana 2005, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981)). The court can consider a number of factors in making this determination, including education, disparity of income earning potential and capacity, business opportunities, disparity in age, relative physical condition, relative financial condition and obligations including size of separate estates, and benefits the party not at fault would have derived from continuation of the marriage. *Id.*; *In re Marriage of King*, No. 06-08-00120-CV, 2008 WL 5058851, at *1 (Tex. App.—Texarkana Dec. 2, 2008, no pet.).

We review a trial court's division of property under an abuse of discretion standard. *Id.* at *2. It is the appellant's burden to establish that the trial court abused its discretion by acting without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Bogle*, 2007 WL 2409824, at *1 (citing *Farley v. Farley*, 930 S.W.2d 208,

211 (Tex. App.—Eastland 1996, no writ)). In reviewing a trial court's valuation of a particular asset, we must first consider whether the trial court had sufficient evidence to support its calculation. *Bogle*, 2007 WL 2409824, at *1. As an appellate court, we will indulge every reasonable presumption in favor of the proper exercise of discretion by the trial court. *Id.* If no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment. *Id.* at *1 n.11 (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)).[3]

Further, it is not enough for Douglas to merely point out inaccuracies, if any, in a trial court's valuation of a business. *See id.* at *2. Douglas must not only "present evidence establishing the true value of the property, but also prove that the ultimate division, as reappraised, remained manifestly inequitable, thus warranting reversal." *See id.* In other words, Douglas must show that the division adopted by the trial court was manifestly unjust. *See Forgason v. Forgason*, 911 S.W.2d 893, 896 (Tex. App.—Amarillo 1995, writ denied).

---

[3]The notice of appeal, filed August 17, 2007, states that Keith is appealing the final decree of divorce signed on July 24, 2007. A request for findings of fact and conclusions of law was filed on August 31, 2007, well outside the twenty-day time limit prescribed by Rule 296 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 296; *see also* TEX. FAM. CODE ANN. § 6.711 (Vernon 2006). Therefore, we treat this record as one where findings of fact were neither requested nor filed. *Valley Mech. Contractors, Inc. v. Gonzales*, 894 S.W.2d 832, 834 (Tex. App.—Corpus Christi 1995, no pet.) (citing *Lute Riley Motors, Inc. v. T.C. Crist, Inc.*, 767 S.W.2d 439, 440 (Tex. App.—Dallas 1988, writ denied)).

**III.     The Trial Court Did Not Err In Its Valuation of Cuts Galore**

The trial court had sufficient evidence to support the determination that Cuts Galore was worth $20,000.00, including the trial testimony of Samantha, who also kept the books of the business, the valuation of the previous owner, and the purchase documents suggesting the business had been bought for $10,000.00 in 1999.  *See Bogle*, 2007 WL 2409824, at *2.  Despite this evidence, Douglas suggests "[n]othing in the Court's ruling indicates that the Court even considered the expert opinion at hand."  In other words, Douglas suggests the trial court abused its discretion and "clearly disregarded the only expert opinion of the value" instead of addressing how the court could have abused its discretion in basing the $20,000.00 valuation on other evidence presented in the trial.  Because the trial court as a fact-finder based its decision on ample evidence, we cannot say it acted without reference to any guiding rules or principles.

The trial court also heard evidence from a hair stylist/manager of Cuts Galore regarding the importance of Samantha remaining as the owner of the business.  She emphasized that none of the employees would work for Douglas, whereas they all enjoyed working for Samantha because she "works with us."  The stipulated testimony of the former owner was that, without Samantha, this business would be worth only $2,000.00.  Samantha readily agreed and testified that, if she should leave the business, it would be worth about $3,500.00, the value of the equipment.

Based on all of the evidence concerning the value of the hair salon, we cannot conclude that the trial court abused its discretion.  The evidence of the value of the business was sufficient to

6

support the trial court's conclusion that the fair market value was $20,000.00.  Using this figure as the value of the business, Douglas received a larger percentage of the community estate than Samantha.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     March 16, 2009
Date Decided:       March 17, 2009