**INTERSTATE LIFE INSURANCE COMPANY, Appellant,**

v.

**C. L. ARRINGTON et al., Appellees.**

No. 6995.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 12, 1957.

Clair F. Achenbach, Dallas, for appellant.

Johannes & Kelsoe, Dallas, for appellees.

CHADICK, Chief Justice.

This is an appeal by the Interstate Life Insurance Company from an adverse summary judgment in behalf of appellees, C. L. Arrington and G. H. Kelsoe, Jr. The action of the trial court is affirmed.

The Insurance Company in its brief describes its cause of action thus:

"Appellant seeks to recover damages against appellees upon a wrongful execution in a prior action by appellee C. L. Arrington, against appellant, and for damages to appellant caused by appellee's wilful misrepresentations to the Attorney General and the Insurance Commission of Texas."

The legal and factual allegations of the trial petition are that a writ of execution was prematurely issued in another lawsuit in which the appellant and C. L. Arrington, one of the appellees in this suit, were the parties, numbered 10642-E, styled, C. L. Arrington v. Interstate Life Insurance Company in the District Court of Dallas County, and that C. L. Arrington and his attorney, G. H. Kelsoe, Jr., addressed a communication to the Board of Insurance Commissioners at Austin, Texas, with a copy to the Attorney General, in which communication it is stated that a final judgment had been rendered in the referenced case, but in fact under the Rules of Civil Procedure sufficient time had not elapsed since pronouncement of the judgment for a writ of execution to properly issue. The foregoing allegations comprised paragraph II of the appellant's petition and in paragraph III appears the following:

"That at the time such execution was issued and said letter was addressed to the Board of Insurance Commissioners said judgment was in truth and in fact not final as represented and which statement was designed to mislead and misinform the Board of Insurance Commissioners to the prejudice, impairment, detriment and damage of the plaintiff herein.

"That by reason of defendants' actions in having execution issued upon a judgment not final, although advising the Board of Insurance Commissioners to the contrary, plaintiff was damaged in the sum of $55,000.00, and the willful

and prejudicial conduct of defendants entitled plaintiff herein to $50,000.00 exemplary damages.

"Wherefore, plaintiff prays that defendants, and each of them, be cited to appear and answer herein and that upon final hearing it have judgment, jointly and severally, against said defendants, for the sum of $55,000.00 damages and $50,000.00 exemplary damages, all costs herein; and for such other and further relief, both at law and in equity to which it may show itself entitled."

The appellees filed no special exceptions in the trial court nor in any manner questioned or tested the sufficiency of the pleadings.

■ A search of the authorities indicates that an attack is seldom made on a writ of execution simply because it was issued and preceding a levy or sale under it. In one case, Baughn v. Allen, 68 S.W. 207, it appears a writ of execution was issued but not levied upon certain crops, and the Court of Civil Appeals held that under the facts of the case no damage could accrue by reason of the unlevied writ. According to Sheppards S. W. Reporter Citations, that case has not been cited since its rendition. And going a step further, it has been held that a statutory levy upon land by indorsement upon the execution, in the absence of special damages, will not authorize a recovery. See Traweek v. Martin-Brown Co., 79 Tex. 460, 14 S.W. 564; Executions, Tex.Jur. 725. However, be that as it may, it is thought that this case is controlled by other well-recognized rules. In such cases as House v. Robertson, 89 Tex. 681, 36 S. W. 251; and Acrey v. Henslee, Tex.Civ. App., 279 S.W.2d 925, no writ history, it

has been established that premature issuance of a writ of execution does not render the writ void, but is merely an irregularity, and the writ is voidable only. Such a voidable writ cannot be collaterally attacked and may only be questioned in an appropriate proceeding in the court rendering judgment in the case out of which the writ issues. See Inman v. Texas Land & Mortgage Co., Tex.Civ.App., 74 S.W.2d 124, no writ history, and Kelley v. Stubblefield, Tex.Civ.App., 26 S.W.2d 281, no writ history.

■ In discussing this last question, 18 Tex.Jur. p. 755, Sec. 184, cites authority and lays down the general rule that a proceeding to set aside an execution is a direct attack on the process and that challenging validity of the execution in any other proceeding is a collateral attack. In this case there is no effort to quash, abate, or set aside the execution. If a cause of action of any kind is pled it is grounded upon the wrongful execution of the writ.

■ Having concluded that the cause of action pled by the appellant Insurance Company is a collateral attack upon an execution issued in a different suit, no cause of action is stated as a matter of law, and no factual showing would be permissible under the pleading. Under authority of Wright v. Wright, 154 Tex. 138, 274 S.W. 2d 670, at page 675, this cause is a proper one for summary proceedings and the judgment of the trial court should be affirmed. Approaching disposition of this case from a different angle, affirmance would also have to be ordered because from the record and affidavits on file no disputed issue of fact appears.

The judgment of the trial court is affirmed.