**Ernesto GONZALES, Relator,**

v.

**Hon. J. Neil DANIEL, Visiting Judge of the 107th District Court, Cameron County, Texas, Respondent.**

**No. 13–93–141–CV.**

Court of Appeals of Texas, Corpus Christi.

May 13, 1993.

254

Ernesto Gonzales, Harlingen, pro se.

David Kithcart, Johnson & Davis, Harlingen, Larry Warner, Brownsville, for respondent.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

**OPINION**

DORSEY, Justice.

Relator, Ernesto Gonzales, seeks a writ of mandamus ordering the Honorable J. Neil Daniel, visiting judge in the 107th District Court of Cameron County, Texas, to vacate his order quashing the issuance of a writ of execution and declaring a levy void.

Gonzales is a practicing attorney who obtained a judgment against David Wabler for attorney's fees. Wabler had been doing business as Valley Mechanical Contractor, Inc. (VMC), and had an account in the name of the corporation at San Benito Bank and Trust Company. Gonzales applied for a writ of garnishment against the bank in order to satisfy his judgment against Wabler out of the funds on deposit in the account. Gonzales obtained a judgment against the bank to garnish the funds on November 24, 1992, for $18,596.

Meanwhile, Gonzales obtained a writ of execution on his garnishment judgment and on December 30, 1992, levied against the funds on deposit in the bank. However, on motion by the bank, the trial court on February 11, 1993, quashed the writ of execution, declared the levy void, and ordered the funds paid into the registry of court pending further orders. Gonzales accordingly paid the funds into the registry of court. However, on March 4, 1993, Gonzales again sought to satisfy his judgment by filing an Application for Writ of Execution, by which he requested the trial court to order the district clerk to issue a writ of execution against the funds held in the registry of court. In its March 8, 1993,

Order for Writ of Execution, the trial court directed the district clerk to issue a writ of execution against the funds in question, provided that no supersedeas bond had been filed. As no such bond had been filed, the district clerk accordingly issued the writ, and the funds were returned to Gonzales on March 9, 1993. However, on that same date VMC moved to quash the writ of execution on the ground that the funds were exempt from levy of execution while they were *in custodia legis.* The trial court on March 15, 1993, granted the motion, quashed the writ of execution, and declared the levy void.[1] By the present petition for writ of mandamus, Gonzales seeks to have this order vacated.

▮ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). The Texas Supreme Court has recently stated generally that a writ of execution or an order incident to such a writ is not appealable. *Schultz v. Fifth Judicial District Court of Appeals,* 810 S.W.2d 738, 740 (Tex.1991). This is based on the broader principle that, unless some statutory exception exists specifically authorizing appeal, the Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966).

▮ Consistently with this reasoning, we believe that an order sustaining a motion to quash execution is no more a final, appealable judgment than any other such order incident to the writ of execution. *See Dawson v. Dawson,* 140 S.W. 513 (Tex.Civ. App.—El Paso 1911, no writ) (order refusing to quash an execution is not a final judgment).[2] This approach is also consistent with recent authority concerning the non-appealability of post-judgment discov-

1. In addition, the trial court ordered the funds returned to the registry of court by March 25, 1993. However, we have stayed any proceedings below pursuant to that order pending resolution of the petition for writ of mandamus.

2. Nevertheless, we acknowledge contrary holdings in *Cook v. Sparks,* 47 Tex. 28 (1877), Scott v. Allen, 1 Tex. 508 (1846), and Inman v. Texas Land & Mortgage Co., 74 S.W.2d 124 (Tex.Civ. App.—Amarillo 1934, no writ).

ery orders in aid of execution under Tex. R.Civ.P. 621a. *See Collier Services Corp. v. Salinas,* 812 S.W.2d 372, 374–75 (Tex. App.—Corpus Christi 1991, original proceeding); *Parks v. Huffington,* 616 S.W.2d 641, 644–45 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Moreover, unlike a turnover order directed against the judgment debtor,[3] the trial court's disposition of a motion to quash a writ of execution is not in the nature of an appealable mandatory injunction, *See Schultz,* 810 S.W.2d at 740, but merely involves the trial court's authority over its own internal processes. *See* Tex.R.Civ.P. 622.

 We have held in related circumstances that the trial court has the power to issue a writ of mandamus to compel a court clerk to perform the ministerial act under Rule 627 of issuing execution on judgment on timely application of the successful party or his attorney, in the absence of a supersedeas bond. *Dunn v. Ligon,* 430 S.W.2d 704, 707 (Tex.Civ.App.—Corpus Christi 1968, no writ). Likewise, in the court of appeals, mandamus will lie to compel the trial court to aid a judgment creditor to obtain satisfaction of a judgment rendered in that court. *See Anderson v. Lykes,* 761 S.W.2d 831 (Tex. App.—Dallas 1988, original proceeding) (application for a turnover order under Tex. Civ.Prac. & Rem.Code Ann. § 31.002(b)(1) (Vernon 1986)).[4] We hold that Gonzales is similarly entitled to mandamus relief to vacate an order which wrongfully denies him satisfaction of his judgment.

Execution is proper against a garnishee who refuses or fails to pay a judgment against him in the same manner as in other cases. Tex.R.Civ.P. 668. In the absence of a supersedeas bond, the clerk has a duty to issue a writ of execution, upon application, either thirty days after the judgment is signed, or thirty days after the overruling of a motion for new trial. Tex.R.Civ.P.

627; *see Texas Employers' Insurance Association v. Engelke,* 790 S.W.2d 93, 95 (Tex.App.—Houston [1st Dist.] 1990, original proceeding); *Anderson v. Lykes,* 761 S.W.2d 831, 833 (Tex.App.—Dallas 1988, original proceeding). Similarly, the trial court loses plenary power over a judgment thirty days after the motion for new trial is overruled. Tex.R.Civ.P. 329b(e).

A motion for new trial was overruled on February 5, 1993. A writ of execution was proper on the garnishment judgment thirty days later, on March 7, 1993, the date the court lost plenary power over the judgment. Gonzales applied for and received a writ of execution on March 8, 1993, and the funds were levied against on March 9, 1993. No supersedeas bond had been filed to avoid the execution. The writ was properly issued and executed. The validity of the action of the trial court in quashing the execution on March 15 is at issue.

The debtor, Wabler/VMC, gives two reasons that the trial judge's action in quashing the execution was proper: 1. the writ and levy was unlawful because the money was *in custodia legis,* and 2. Gonzales did not have clean hands in obtaining the writ *ex parte.*

 Property is held *in custodia legis,* or "in the custody or keeping of the law,"[5] when an arm or instrumentality of the court holds possession of the property on behalf of the court. *See First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339, 343 (Tex.1976).

 Texas law recognizes that property *in custodia legis* is not generally subject to levy and sale under execution or garnishment. *Vallone,* 533 S.W.2d at 341 (execution); *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 382 (Tex.App.—San Antonio 1992, writ denied) (garnishment). Property *in custodia legis* is held pending

---

3. Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986).

4. *Cf. Barlow v. Lane,* 745 S.W.2d 451 (Tex. App.—Waco 1988, writ denied). The Waco court of appeals disagreed with the Dallas court of appeals on whether the turnover statute in question creates a mandatory duty on the part

of the trial court to order a turnover of nonexempt property or leaves it within the trial court's discretion based on the equities of the particular case.

5. Black's Law Dictionary 691 (5th ed. 1979).

orders of the court administering the property, and the disallowance of execution or garnishment is intended to preserve the jurisdiction of that court and avoid conflicts of jurisdiction between courts. *Daniels,* 831 S.W.2d at 382–83; *Southwestern Bell Tel. Co. v. Watson,* 413 S.W.2d 846, 848 (Tex.Civ.App.1967). However, when the court enters a decree of distribution, or where nothing more remains for the custodian to do but make delivery of the property or payment of the money, the reason for the doctrine of *in custodia legis* is satisfied, and the property becomes subject to levy under Texas law. *United States v. Powell,* 492 F.Supp. 1030, 1032 n. 1 (W.D.Tex.1980), *aff'd,* 639 F.2d 224 (5th Cir.1981); *Hardy v. Construction Systems, Inc.,* 556 S.W.2d 843, 844 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Houston Drywall, Inc. v. Construction Systems, Inc.,* 541 S.W.2d 220, 221 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Southwestern Bell Telephone Co. v. Watson,* 413 S.W.2d 846, 848 (Tex.Civ.App.—Corpus Christi 1967, no writ).

In the present case, the trial court ordering the garnishment lost plenary power over the judgment, although the funds garnished were deposited with the court. The court then ordered execution, in effect decreeing distribution of the funds to Gonzales in accordance with the court's garnishment judgment. No other court was attempting to exercise jurisdiction over the funds held. The doctrine of *in custodia legis* is inapplicable to prevent the trial court's distribution of property under its own administration. We hold that Gonzales was entitled to the issuance of a writ of execution against this property and the distribution of the funds to him after his garnishment judgment became final under the provisions of Rule 627, and that the trial court abused its discretion by entering an order voiding that distribution.

The debtor also argues that Gonzales's *ex parte* application for an order directing issuance of a writ of execution unfairly failed to give notice that the funds in the registry of court would be released, and that because he believed the funds were safe, he did not post a supersedeas bond to prevent execution. His argument is principally that it is unfair for the court to authorize execution on the funds *ex parte,* without notice to him. We have been given no authority as to the necessity of notice when execution is sought from a court holding funds after its plenary power over the judgment has expired.

Generally, an execution is issued by the clerk upon application without notice to the debtor. A judgment debtor may protect itself from execution by timely posting a supersedeas bond. Because the court's plenary power over the judgment had expired, it held the funds as a stakeholder to distribute them to the proper party. Nothing is left to be decided. As such, the funds were subject to execution and distribution. No notice of the application for the writ was required.

Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate its March 15, 1993, order quashing issuance of the writ of execution and declaring the levy void. The writ will only issue if the trial court fails to comply.

NYE, C.J., not participating.