IN RE BILLY R. DELP, JR. IRA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-065-CV

IN RE BILLY R. DELP, JR. IRA RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Respondent, the judge of the 342nd District Court, denied Relator Billy R. Delp, Jr. IRA’s motion to release registry assets and motion to compel post-judgment discovery and granted the motion for protective order of real party in interest Economy Oil Company (RPI).  Because we hold that the trial court lacked jurisdiction to deny release of the registry assets, we conditionally grant mandamus relief.

Factual Background

The 342nd case

In 1994, FFP Partners, L.P., filed a declaratory judgment action in the 342nd District Court against Billy R. Delp, Jr. and RPI to declare ownership of 175,000 shares of FFP Marketing Company common stock.  Relator and John Harvison later became parties to the lawsuit.  Because the parties disputed the ownership of the stock and the resulting income, the parties agreed to deposit cash and the stock into the registry of the trial court.

In June 1998, the parties filed a Rule 11 agreement that provided that the stock and cash would remain in the registry of the court pending the conclusion of the litigation.  On September 24, 1998, the trial court signed the final judgment.  The final judgment provided that RPI owned the stock but ordered that Relator recover a $350,000 judgment against RPI plus 10% per annum post-judgment interest and awarded Relator a secured claim for the $350,000 in the stock located in the registry of the court.

On June 8, 2000, this court affirmed the final judgment, and the Texas Supreme Court denied the petition for review.  Mandate issued on July 21, 2001.

The 96th case

In 2000, Nu-Way Energy Corporation filed suit against Billy R. Delp, Jr. individually, but not Relator, in the 96th District Court and then filed a friendly garnishment suit against RPI.  RPI and Nu-Way are sister corporations.  RPI, however, acknowledges that they are virtually the same corporation.  The two suits were consolidated.  The basis of the suit was that (1) Nu-Way had a judgment against Delp individually, (2) Relator had a judgment against RPI, (3) Relator is not exempt, so (4) Delp owns Relator’s judgment against RPI, and thus (5) Nu-Way can collect or garnish the judgment against RPI—that is, the stock.  There is no evidence in the record, however, that the registry was subject to the garnishment, only RPI is subject to it.  Additionally, at no time were Nu-Way or RPI able to obtain prejudgment relief in the 96th district court to prevent the release of the registry assets in the 342nd district court to Relator, although they tried.

In April 2004, the consolidated suit was tried.  The court ordered that Nu-Way take nothing and specifically found that Nu-Way has no interest in the assets in the registry of the 342nd District Court.  Nu-Way has filed a notice of appeal.

Post-Judgment Activity in the 342nd

On August 30, 2004, after the 96th District Court had rendered judgment in the Nu-Way case but before the final judgment was signed, RPI had still not paid the judgment in the 342nd case.  RPI filed a motion in the 342nd District Court to establish scheduling for distribution of the assets in the registry of the court, requesting that the court leave the assets in its registry until Nu-Way had exhausted all appeals in its case.  In September 2004, Relator filed a plea to the jurisdiction in response to RPI’s motion, contending that the 342nd District Court had lost plenary power to modify the 1998 judgment.  The court agreed that it did not have jurisdiction to sign an order stating that its judgment would not be paid until a certain date.

In December 2004, Relator filed a motion for release of the registry assets.  RPI responded, asking the court to allow it to supplement the registry of the court and to deny the release of the registry assets until Nu-Way has exhausted all appeals.  The court denied the release.  Because the trial court would not release the assets and RPI had not paid anything toward the judgment, Relator then requested post-judgment discovery from RPI.  RPI refused to answer, so Relator filed a motion to compel discovery, and RPI filed a motion for protective order.  The 342nd District Court denied the motion to compel and granted the motion for protective order.

RPI has not paid any amount toward the 1998 judgment.  As of December 16, 2004, the total amount due under the final judgment was $423,978.47, which is held in the registry of the 342nd district court.

Relator now requests that we determine whether the 342nd District Court (1) may refuse to perform the ministerial act of disbursing registry assets to Relator, the judgment holder, based solely on the fact that another party (not a party to the action below) has filed a subsequent lawsuit, in another court, against a related non-judgment holder; (2) may impose additional conditions not in the final judgment or in the agreement of the parties after the trial court has lost jurisdiction to modify the final judgment; and (3) may refuse to enforce its own judgment and prevent the judgment holder from conducting post-judgment discovery to enforce the judgment?

Discussion

Mandamus is an extraordinary remedy that will issue to correct a clear abuse of discretion only if the relator lacks an adequate remedy by appeal.
(footnote: 2)  
A party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party’s attempt to enforce an unsuperseded judgment.
(footnote: 3)  Furthermore, when a trial court’s action is mandatory, mandamus is the appropriate remedy to compel the performance of the ministerial act.
(footnote: 4)  A petition for writ of mandamus is also the proper way to seek review of a trial court’s post-judgment discovery order.
(footnote: 5)
 A trial court clearly abuses its discretion if “it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.”
(footnote: 6)  A trial court has no discretion in determining what the law is or applying the law to the facts.
(footnote: 7)  Thus, a clear failure to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ.
(footnote: 8)

Enforcement of the Judgment

A trial court has an affirmative duty to enforce its judgment.
(footnote: 9)  In the absence of a supersedeas bond, the clerk of the court has a duty to issue a writ of execution, upon application, beginning either thirty days after the judgment is signed, or thirty days after the overruling of a motion for new trial.
(footnote: 10) 
 The act of issuing execution on a judgment is ministerial.
(footnote: 11)
 Additionally, absent a motion for new trial, a trial court has plenary power to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed.
(footnote: 12) 
 When the court loses its plenary power at the expiration of the thirty days, it loses jurisdiction to modify the judgment.
(footnote: 13)  The trial court retains authority to enforce its judgments, but its enforcement orders may not be inconsistent with the original judgment or constitute a material change in the substantive adjudication portions of the judgment.
(footnote: 14)
 In this case, there is no dispute that RPI owes the judgment to Relator.  RPI admits that the judgment is final and not appealable.  RPI wants to prevent Relator from receiving the money owed under the judgment either temporarily, if Relator wins the appeal of the 96th case, or permanently, if Nu-way wins the appeal, despite the fact that Relator is not a party to the suit in the 96th District Court.

Furthermore, the 342nd District Court recognized that it did not have the authority to modify the judgment and did not “have the authority to sign an order saying [that the judgment] wouldn’t be paid out until such and such a date.”  Nevertheless, the court denied the release of the assets in the registry because of the suit in the 96th District Court; that is, the trial judge effectively did what he said he could not do.

Additionally, there is no order in the 96th preventing the release of the assets.  The registry of the court was not subject to the garnishment, only RPI was subject to the garnishment, so there is nothing legally stopping the disbursement.  In fact, the 96th District Court’s judgment specifically found that Nu-Way had no interest in the registry assets.  Thus, because the 342nd District Court judgment is final and not appealable, because no other order from any other court exists preventing the release of the assets, because RPI has failed to pay the judgment against it, and because the trial judge does not have jurisdiction to modify the judgment to restrict the timing of the disbursement, the trial court must perform the ministerial act of releasing the assets securing the amount owed by the judgment.

Because we hold that the trial court must release the registry assets, we do not reach Relator’s remaining issues.
(footnote: 15)

Conclusion

We therefore conditionally grant Relator’s petition for writ of mandamus.  We are confident that the trial court will vacate its order denying Relator’s motion to release registry assets and order disbursement of the registry assets within fifteen days of the date of this opinion.  Our writ will issue only if the trial court refuses to do so.  Additionally, RPI’s motion for sanctions is denied.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In re Nitla S.A. de C.V.
, 92 S.W.3d 419, 422 (Tex. 2002).

3:
In re Crow-Billingsley Air Park
,
 Ltd.
, 98 S.W.3d 178, 179 (Tex. 2003).

4:
In re Perritt
, 992 S.W.2d 444, 447 (Tex. 1999).

5:
In re Amaya
, 34 S.W.3d 354, 356 (Tex. App.—Waco 2001, orig. proceeding).

6:
In re Hinterlong
, 109 S.W.3d 611, 621 (Tex. App.—Fort Worth 2003, orig. proceeding) (quoting 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992)).

7:
Id
.

8:
Walker
, 827 S.W.2d at 840; 
see also In re Allstate County Mut. Ins. Co
., 85 S.W.3d 193, 195–96 (Tex. 2002).

9:
Tex. R. Civ. P.
 308 (providing that “[t]he court shall cause its judgments and decrees to be carried into execution”); 
Crow-Billingsley Air Park
,
 Ltd.
, 98 S.W.3d at 179.

10:
Tex. R. Civ. P.
 627; 
Gonzales v. Daniel
, 854 S.W.2d 253, 256 (Tex. App.—Corpus Christi 1993, orig. proceeding).

11:
See Gonzales
, 854 S.W.2d at 256.

12:
Tex. R. Civ. P.
 329b(d); 
Comm’n for Lawyer Discipline v. Denisco
, 132 S.W.3d 211, 215 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

13:
First Alief Bank v. White
, 682 S.W.2d 251, 252 (Tex. 1984); 
see also
 
Tex. R. Civ. P.
 329b(f).

14:
Denisco
, 132 S.W.3d at 215.

15:
See
 
Tex. R. App. P.
 47.1.