

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00060-CV

_____

BARBER FAMILY CORPORATION, Appellant

V.

NEOTIS ROBERSON, Appellee

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. CCL-07-C-222

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

The Barber Family Corporation has attempted to appeal from the trial court's July 22, 2022, order denying its motion to quash writ of execution. The issue before this Court is whether we have jurisdiction to hear the appeal. We conclude that we do not and dismiss the appeal for want of jurisdiction.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an interlocutory appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's July 22, 2022, order denying the Barber Family Corporation's motion to quash writ of execution does not appear to be a final judgment or an appealable interlocutory order. *See Bank One, N.A. v. J.D.C. Recovery, Inc.*, No. 03-06-00012-CV, 2006 WL 2727939, at *1 (Tex. App.—Austin Sept. 22, 2006, no pet.) (mem. op.) ("Writs of execution and orders incident to writs of execution are not reviewable by appeal."); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2001, no pet.) (same); *Gonzales v. Daniel*, 854 S.W.2d 253, 255–56 (Tex. App.—Corpus Christi 1993, no writ) (finding that "an order sustaining a motion to quash execution is no more a final, appealable judgment than any other such order incident to the writ of execution"); TEX. CIV. PRAC. & REM. CODE ANN. §–51.014 (Supp.) (identifying appealable interlocutory orders).

By letter of August 4, 2021, we notified the Barber Family Corporation, through counsel, of this potential defect in our jurisdiction and afforded it the opportunity to demonstrate proper grounds for our retention of the appeal.

The Barber Family Corporation responded to our letter, through counsel, but its response failed to demonstrate proper grounds for our retention of this appeal. Counsel maintains that the trial court's February 17, 2016, final judgment is void and, therefore, subject to collateral attack. He asserts that the motion to quash was the vehicle by which the Barber Family Corporation sought to collaterally attack the allegedly void judgment. This argument is premised on attachments to the response to our jurisdictional defect letter that are not a part of the record before us and that, therefore, we cannot consider. "An appellate court cannot consider documents cited in a [response] and attached as appendices if they are not formally included in the record on appeal." *In re O.M.H.*, No. 06-12-00013-CV, 2012 WL 2783502, at *1 n.2 (Tex. App.—Texarkana July 10, 2012, no pet.) (mem. op.) (quoting *Gonzales v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.—Corpus Christi 2008, pet. dism'd w.o.j.) (citing *Burke v. Ins. Auto Auctions*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied)).

Further, "collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). While "a void judgment may be collaterally attacked," "[a] judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Id.* at 346 (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)). The Barber Family Corporation's response and the record demonstrate that the 2016 judgment is not void.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 6, 2022
Date Decided:       October 7, 2022